STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, SS.                         DOCKET NO. CUMCD-CR-15-7186

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 08 2017

RECEIVED

STATE OF MAINE

                                    )
                                    )
v.                                  )   ORDER ON DEFENDANT'S MOTION
                                    )   FOR JUDGMENT OF ACQUITTAL
                                    )
                                    )
DMITRI CANNADY                      )
                                    )
                                    )

Before the court is Defendant Dmitri Cannady's Motion for Judgment of Acquittal. For the reasons stated herein, the court denies the motion and finds Defendant guilty of Failure to Give Correct Name and Operating After Revocation.

## I.     FACTS

The parties presented evidence at a bench trial, which generated the following, mainly undisputed facts.

Officer Gowen of the Portland Police Department parked his patrol cruiser in the parking lot of "Global Gas" station on December 4, 2015 at 7 p.m. He observed who he later learned to be the Defendant parked in front of the store, looking back at Gowen, immediately putting the car in gear and backing up out of his parking space to enter traffic on Forest Avenue.

Gowen testified that Defendant was not wearing his seatbelt, which precipitated a traffic stop. Gowen was unable to determine whether Defendant fastened his seatbelt while he was following Defendnat. At the time of the stop, Gowen observed Defendant wearing his seatbelt, and requested his name and identifying information. Defendant identified himself as "Jonas Washington" and had difficulty providing Gowen with his addresss and social security number.

Gowen observed that Defendant appeared nervous, would not make eye contact and gave information in a halting manner to suggest a lack of credibility or an astounding lack of memory.

Gowen unsuccessfully attempted to verify Defendant's identity by comparing a driver's license photo of "Jonas Washington" to the Defendant. Renewed requests to provide information to verify the Defendant's identity, which went unrequited. Eventually, Defendant was detained for fingerprinting at the Cumberland County Jail. During the transport to the jail, Defendant explained to Gowen that he was not who he said he was, eventually identifying himself as Dimtri Cannady.

Trial exhibits included certified records that support the conclusion that Defendant's right to operate a motor vehicle in Maine was revoked on August 5, 2004. Exhibits also supported the conclusion that Defendant's Maine license expired on July 11, 2003. The letter of revocation sent to Defendant's address on file with the Secretary of State's Office was also introduced into evidence along with a return envelope that stated "Return to Sender Cannady, Dimitri, Moved Left No Address Unable to Forward, Return to Sender."

The issue which lead the court to invite further briefing relates to the State's burden of proof on the charge of Operating After Revocation, and whether under the circumstances the State proved "notice" to Defendant pursuant to the statute and consistent with the principles of due process.

## II. DISCUSSION

The court accepts that by a mechanical application of the statute[1] that notice was achieved upon Defendant. The more subtle and significant question arises when the Secretary of State has actual knowledge that the presumption of notice created by the statute has been

---

[1] 29-A MRS §2557-A(4), 2482(1).

2

rebutted, in this case by a return address envelope and postal stamp indicating that Defendant had moved and the notice had not in fact been delivered to him. Attorney Nadeau points out that notwithstanding the guidance from the Law Court which concludes that notice by proof of mailing to the last address on file satisfies due process, that the more serious penalties the legislature fashioned after these cases were decided should require the court to revisit the issue. This court is more than a little sympathetic to that argument. A basic tenet of due process jurisprudence is that the analysis occurs on a sliding scale, informed by a variety of factors not the least of which is the penalties at issue. However, upon a close reading of the Law Court's analysis, the court is not persuaded that the process due Defendant under these circumstances creates an interpretation of the statute which amounts to little more than a rebuttable presumption of notice simply upon proof of mailing which may then be overcome by evidence that the Defendant did not actually receive notice. There are two categorical tributaries of this conclusion.

First, the Legislature clearly made a policy determination that the onus is on the licensed driver to notify the Secretary of State of an address change. As a' corollary matter, notice is permitted simply by a mailing to the last address provided under section 1407. It would be an unusual interpretation to conclude that while the Legislature and the Law Court have determined that such notice mechanisms only satisfy due process contingently based upon whether notice mailings are bounced back to the Secretary of State. Second, as a related matter, such an interpretation would lead to administrative rigor mortis. If the more substantial potential penalties that were passed by the Legislature since the Law Court last visited due process challenges to this method of notice alters its analysis, then it should say so. However, this court declines an invitation to do so and also declines the invitation to exceed its limited role and offer

3

policy solutions to the formidable problem created by such an interpretation of the notice provision.

Defendant's Motion for Judgment of Acquittal is denied. The court finds the Defendant guilty of Failure to Provide Correct Name and Operating After Revocation.

The Clerk is directed to enter this Order on the unified criminal docket by reference pursuant to Maine Rule of Unified Criminal Procedure 53(a).

Date:  March 8, 2017

Lance E. Walker
Justice, Superior Court

4